# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| AMRAPUR HOTELS-FAIRMONT, LP<br>d/b/a THE CLARION INN, | CIVIL DIVISION |
| Plaintiff, | CASE NO.: **1:15-cv-46 (Keeley)** |
| v. | Electronically filed: March 12, 2015 |
| GOFRAC, LLC | **COMPLAINT** |
| Defendant. | |

**JURY TRIAL DEMANDED**

Filed on Behalf of Plaintiff:
Amrapur Hotels-Fairmont, LP
d/b/a the Clarion Inn

Counsel of Record for This Party:

Matt A. Jarrell, Esquire
W. Va. I.D. 8690

SHERRARD, GERMAN & KELLY, PC
Firm No. 006
535 Smithfield Street, Suite 300
Pittsburgh, PA 15222
Phone: (412) 355-0200
Fax: (412) 261-6221

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| AMRAPUR HOTELS-FAIRMONT, LP<br>d/b/a THE CLARION INN,<br><br>    Plaintiff,<br><br>v.<br><br>GOFRAC, LLC<br><br>    Defendant. | CIVIL DIVISION<br><br><br>CASE NO.:<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Amrapur Hotels-Fairmont, LP d/b/a the Clarion Inn, by and through its undersigned counsel and Sherrard, German & Kelly, P.C., and files the within Complaint, averring as follows:

### I. PARTIES

1. Plaintiff, Amrapur Hotels-Fairmont, LP ("Amprapur Hotels"), is a Pennsylvania limited partnership duly organized and existing under the laws of the Commonwealth of Pennsylvania, having a principal address of 116 Black Oak Drive, Pittsburgh, PA 15220.

2. Defendant, GoFrac, LLC ("GoFrac"), is a Delaware limited liability company, duly organized and existing under the laws of the State of Delaware, having a principal address of 801 Cherry Street, Suite 1200, Fort Worth, Texas 76102.

3. Amrapur Hotels owns and operates the Clarion Inn located at 930 East Grafton Road, Fairmont, West Virginia 26554.

4. Upon information and belief, GoFrac is based out of Fort Worth, Texas, but provides well stimulation and hydraulic fracturing services for various oil and gas companies throughout the country.

## II. JURISDICTION AND VENUE

5. This Honorable Court has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332 insofar as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims of Amprapur Hotels occurred in this judicial district. Alternatively, venue is proper under 28 U.S.C. § 1391 as GoFrac is subject to the Honorable Court's personal jurisdiction in this judicial district.

## III. BACKGROUND

7. In July of 2013, GoFrac began to periodically rent hotel rooms at the Clarion Inn, while its employees were working in the Fairmont, West Virginia area.

8. More specifically, GoFrac rented nine rooms during the period of July 29, 2013 to July 31, 2013, at a rate of $110.84 per room ($98.96 a room, plus a 12% tax), which it timely paid in full.

9. GoFrac rented several more rooms at the same rate of $110.84 per room for a period of time in November of 2013, and again in April of 2014.

10. In both instances, GoFrac timely paid the invoices in full.

11. In October of 2014, GoFrac rented a total of thirty-four (34) rooms per night for the period of October 25, 2014 to October 30, 2014.

12. On or around October 29, 2014, GoFrac informed the Clarion Inn that it would be doubling their local crew over the next few months and inquired about negotiating a lower room rate.

13. As GoFrac had rented hotel rooms in the past and always submitted timely payments, the Clarion Inn agreed to a new room rate of $89.60 per room ($80.00 per room, plus a 12% tax), effective as of October 25, 2014.

14. Based upon the above, and in accordance with past procedures, GoFrac submitted an "Application for Hotel Direct Billing" with the Clarion Inn which, *inter alia*, set forth the new negotiated price per room and authorized the Clarion Inn to directly bill GoFrac for the rooms that were to be rented by its various employees. A true and correct copy of the Application for Hotel Direct Billing is attached hereto as "Exhibit A" and incorporated herein (the "Agreement").

15. The Agreement also contained a section providing, in relevant part, as follows:

> . . . . It is understood that all invoices are considered delinquent if not paid within thirty (30) days from the date of the invoice. Should timely payments not be made as stated, applicant agrees to pay all collection agency fees and expenses and other costs of collections including reasonable attorney fees and court costs which may be incurred in pursuing and collecting payment including the costs of litigation or arbitration. . . .

Ex. A.

16. The Agreement was signed by Meleah Messenger, as authorized representative of GoFrac, on or around October 29, 2014.

17. Thereafter, GoFrac rented thirty-four (34) rooms per night through November 6, 2014 and around sixty-six (66) rooms per night through November 13, 2014; sixty (60) rooms

per night through November 27, 2014; sixty-one (61) rooms per night through November 30, 2014; fifty-eight (58) rooms per night through December 11, 2014; sixty-one (61) rooms through December 18, 2014; and sixty-four (64) rooms through December 23, 2014.

18.   The Clarion Inn provided GoFrac with timely invoices detailing each room that was occupied by a GoFrac employee, the name of the employee(s), the date(s) the room was occupied, the corresponding room charges and taxes, and the total amounts due and owing.

19.   The invoice dates and totals provided to GoFrac for this period of time are as follows:

| | |
|---|---|
| November 4, 2014 invoices: | $10,992.03 |
| November 7, 2014 invoices: | $18,101.46 |
| November 14, 2014 invoices: | $40,678.40 |
| November 21, 2014 invoices: | $37,272.60 |
| November 28, 2014 invoices: | $37,450.54 |
| December 5, 2014 invoices: | $16,217.60 |
| December 12, 2014 invoices: | $57,164.80 |
| December 19, 2014 invoices: | $36,915.20 |
| December 25, 2014 invoices: | $24,012.80 |
| **TOTAL:** | **$278,806.43** |

An invoice from November 28, 2014, December 5, 2014, December 12, 2014, December 19, 2014, and December 25, 2014 are attached hereto as "Exhibit B" and incorporated herein.[1]

---

[1]   GoFrac rented dozens of rooms on behalf of dozens of employees from October 25, 2014 through December 23, 2014. As such, there are hundreds of invoices, each of which is two to three pages long. Amprapur Hotels is cognizant of this Honorable Court's filing requirements and page limitations and has therefore elected to only attach five example invoices as part of Exhibit B.

4

20. GoFrac eventually made a partial payment for the November invoices in the amount of $68,515.23 on December 18, 2014, and a partial payment of $41,484.80 for the remaining balance on January 12, 2015.

21. To date, however, a total of $168,806.40 remains due and owing.

22. The General Manager of the Clarion Inn has made several attempts to resolve this matter with GoFrac and its Accounts Payable Manager, but to no avail.

23. Accordingly, the Clarion Inn seeks to recover the remaining balance of $168,806.40, plus costs of collection and attorney fees as permitted in the Agreement.

## IV. COUNTS

### COUNT I
### Breach of Contract

24. Paragraphs 1 through 23 of the Complaint are incorporated by reference as if fully set forth herein.

25. The parties entered into a valid and enforceable Agreement whereby the Clarion Inn agreed to provide hotel rooms to GoFrac and its employees in exchange for GoFrac's promise to, *inter alia*, timely remit payment. *See* Ex. A.

26. The Clarion Inn fully performed under the Agreement when it permitted GoFrac employees to stay at its hotel during the period of October 25, 2014 through December 23, 2014.

27. The Clarion Inn provided timely and detailed invoices to GoFrac and its Accounts Payable Manager at the agreed upon rate; therefore, all conditions precedent to the Clarion Inn receiving full payment for the rooms have been performed.

28. GoFrac's failure to pay the Clarion Inn for the services it received within thirty (30) days from the date of the invoices is a material breach of the Agreement.

29. The Clarion Inn has been damaged as a result of GoFrac's breach of the Agreement in the amount of $168,806.40.

30. In addition, and pursuant to the Agreement, GoFrac is responsible for all costs of collection, court costs, and attorney fees.

WHEREFORE, Plaintiff, Amrapur Hotels-Fairmont, LP d/b/a the Clarion Inn, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, GoFrac, LLC, in the amount of $168,806.40, plus interest at the statutory rate, costs of collection, reasonable attorney fees, court costs, and any other appropriate relief.

### COUNT II
### Promissory Estoppel

31. Paragraphs 1 through 30 of this Complaint are incorporated by reference as if fully set forth herein.

32. By its conduct in executing the Agreement and in permitting its employees to rent between thirty-four (34) and sixty-four (64) rooms per night during the period of October 25, 2014 through December 23, 2014, GoFrac evidenced a promise to compensate the Clarion Inn for the rooms that were provided to its employees.

33. GoFrac knew or should have known that its conduct evidencing such promise to pay would induce the Clarion Inn to permit them to stay at the hotel during that period of time.

34. The Clarion Inn substantially and reasonably relied upon GoFrac's promise that it would pay the Clarion Inn for the rooms during that period of time, particularly given the fact that GoFrac had rented and timely paid for multiple rooms in the past.

35. GoFrac accepted the benefit of the services that the Clarion Inn provided to it by permitting its employees to stay at the hotel for weeks.

36. Injustice can only be avoided by GoFrac acknowledging its promise and representations, upon which the Clarion Inn justifiably and detrimentally relied, and compensating the Clarion Inn in accordance with the terms of the Agreement, an amount equal to $168,806.40.

37. For the foregoing reasons, GoFrac is estopped from refusing to pay the Clarion Inn for the services it was provided.

WHEREFORE, Amrapur Hotels-Fairmont, LP d/b/a the Clarion Inn, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, GoFrac, LLC, in the amount of $168,806.40, plus interest at the statutory rate and any other appropriate relief.

## COUNT III
### Unjust Enrichment/Quantum Meruit

38. Paragraphs 1 through 37 of this Complaint are incorporated by reference as if fully set forth herein.

39. From October 25, 2014 through December 23, 2014, GoFrac rented between thirty-four (34) and sixty-four (64) rooms per night at the Clarion Inn while its employees were working in or around the Fairmont, West Virginia area.

40. Despite GoFrac's use and enjoyment of such rooms during this period of time, GoFrac has failed to remit a balance of $168,806.40 due to the Clarion Inn as payment for the rooms.

41. The Clarion Inn has extended a benefit to GoFrac by providing it with $168,806.40 worth of rooms and services for which GoFrac refuses to pay.

42. GoFrac has been unjustly enriched by the Clarion Inn to the extent that it is has not compensated the Clarion Inn for the rooms provided and, as a result, the Clarion Inn has suffered damages.

WHEREFORE, Amrapur Hotels-Fairmont, LP d/b/a the Clarion Inn, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, GoFrac, LLC, in the amount of $168,806.40, plus interest at the statutory rate and any other appropriate relief.

### JURY DEMAND

Amrapur Hotels-Fairmont, LP d/b/a the Clarion Inn, respectfully requests a jury trial.

SHERRARD, GERMAN & KELLY, P.C.

Dated:  March 11, 2015

/s/ Matt A. Jarrell
Matt A. Jarrell, Esquire, W. Va. ID. 12203
Attorney for Plaintiff
535 Smithfield Street, Suite 300
Pittsburgh, PA 15222
Telephone: 412 355-0200
Fax: 412-261-6221
Email: maj@sgkpc.com